IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MODERN FONT APPLICATIONS,<br><br>      Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES,<br><br>      Defendant. | MEMORANDUM DECISION RE: PLAINTIFF'S SHORT FORM DISCOVERY MOTIONS<br><br>Case No. 2:19-cv-00561-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

Before the court are Plaintiff Modern Font Applications' (Plaintiff) (1) motion to compel initial disclosures (ECF 39); and (2) motion to compel responses to interrogatories (ECF 40) (the Motions). Plaintiff asks this court to order Defendant Alaska Airlines (Defendant) to supplement its initial disclosures and interrogatory responses. Defendant opposes the Motions on the grounds that its existing disclosures and responses are adequate (ECF 44; ECF 45). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motions on the basis of written memoranda. *See* DUCivR 7-1(f).

## I.  DISCUSSION

### A.  MOTION TO COMPEL INITIAL DISCLOSURES

#### 1.  Defendant's initial disclosures are inadequate.

Federal Rule of Civil Procedure 26(a) requires a party to disclose certain information to other parties at the beginning of a lawsuit "without awaiting a discovery request." Fed. R. Civ. P. 26(a). This includes "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" and "a copy—

or a description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]" *See* Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii).  A party is required to "make its initial disclosures based on the information then reasonably available to it," and "is not excused from making its disclosures because it has not fully investigated the case[.]" Fed. R. Civ. P. 26(a)(1)(E).  After providing initial disclosures, Rule 26(e) requires a party to "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

Here, Plaintiff contends that Defendant's initial disclosures lack the identity of witnesses, categories of documents, and production of documents, and Defendant has failed to supplement its disclosures despite multiple email exchanges regarding these deficiencies (ECF 39 at 1). Defendant responds that its initial disclosures were supplemented through supplemental interrogatory responses, the information provided complies with Rule 26(a)(1)(A), and it cannot provide additional information without Plaintiff's infringement contentions (ECF 44 at 2).  With the court's leave (ECF 48), Plaintiff filed a reply contending that it served infringement claim charts on March 26, 2020, Defendant agreed to a scheduling order requiring it to serve initial disclosures before infringement contentions were due, and Defendant's interrogatory responses are inadequate to meet disclosure requirements (ECF 47-1 at 1–2).

The court finds that Defendant has failed to meet the requirements of Rule 26(a).  Review of Defendant's initial disclosures confirms that Defendant failed to disclose the identity of witnesses with subjects of discoverable information as well as copies or categories of documents it may use to support its defenses as required by Rule 26(a).  *See* Fed. R. Civ. P. 26(a)(1)(A)(i)-

(ii). Although Defendant has provided additional information in its supplemental interrogatory responses, the disclosures remain deficient. Specifically, Defendant has provided the identity of witnesses, but has failed to provide the specific subjects of discoverable information in their possession or their contact information. The supplemental interrogatory responses also lack any categories of documents or copies of documents other than native computer files produced. The information provided is therefore inadequate, and Defendant's initial disclosures must be supplemented. Accordingly, the court hereby GRANTS Plaintiff's motion to compel initial disclosures (ECF 39).

The court disagrees with Defendant's reading of Rule 26(e) that its supplemental discovery responses obviate the need to supplement its disclosures in this case. "The aim of Rule 26(a)(1) . . . is to identify at the outset those persons that may have any information relevant to the case in order to allow for a complete investigation by all parties, thus allowing parties to depose, interview, or subpoena documents of such individuals during the period of time set aside for discovery." *Hornady Mfg. Co. v. Doubletap, Inc.*, No. 2:11-CV-18 TS, 2013 WL 1693678, at *2 (D. Utah Apr. 18, 2013) (citation and internal quotation marks omitted). Defendant was required to provide the information required by Rule 26(a) at the beginning of the case without awaiting discovery requests or other information from Plaintiff. However, the court notes that Defendant is under no obligation to construct Plaintiff's case. "Rule 26 only requires [a party] to disclose witnesses that it may use at trial, not witnesses helpful to [the other party]." *See Smith v. Elva Grp., LLC*, No. 1:13-CV-00028-DS-DBP, 2015 WL 2384037, at *1 (D. Utah May 19, 2015). With these parameters in mind, the court ORDERS Defendant to supplement its initial disclosures within fourteen (14) days of the date of this order.

**2.    Sanctions are not warranted.**

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999) (citation and internal quotation marks omitted). In making this determination, the court should consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (citations and internal quotation marks omitted).

Here, Plaintiff requests sanctions on the grounds that it was prejudiced by the failure to provide information before infringement contentions were due, undisclosed documents or witnesses would be disruptive at trial, and Defendant acted willfully or in bad faith in failing to meet basic disclosure requirements (ECF 39 at 2–3). Plaintiff acknowledges however that the prejudice against it may be cured by allowing a later supplement to infringement contentions (ECF 39 at 2). Defendant argues sanctions against it are not warranted because it has demonstrated its willingness to confer with Plaintiff on discovery issues, and instead requests sanctions against Plaintiff because the motion is unjustified in light of the business disruptions caused by the COVID-19 pandemic (ECF 44 at 3).

Having considered all of the relevant factors, the court finds that sanctions are not warranted in this case. While the court is mindful of the prejudice caused by delayed initial

disclosures, the impact of the COVID-19 pandemic on business operations is unprecedented and excuses delays in normal litigation procedures. The court therefore declines to find that Defendant's failure to provide adequate initial disclosures was willful or in bad faith. Moreover, as acknowledged by Plaintiff, the prejudice caused by this failure is curable. The court will allow Plaintiff to supplement its infringement contentions after Defendant serves its supplemental initial disclosures, and Plaintiff may seek further relief from the court in the form of extensions to mitigate the impact of the delayed disclosures. Although the court declines to impose any further sanctions, the court cautions Defendant that the failure to comply with the initial disclosure requirement, and subsequent supplementation, as well as all other discovery rules, may preclude the admission of undisclosed witnesses and/or evidence or result in sanctions. Accordingly, the court DENIES the parties' requests for attorney's fees.

### B. MOTION TO COMPEL INTERROGATORY RESPONSES

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a party's claim or defense." *Dutcher v. Bold Films LP*, No. 2:15-CV-110-DB-PMW, 2017 WL 1901418, at *1 (D. Utah May 8, 2017) (citation and internal quotation marks omitted). However, if the discovery requested is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," the court must limit the frequency or extent of discovery. Fed. R. Civ. P. 26(b)(2)(C)(i). Relevant considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### 1. Interrogatory No. 1

Plaintiff's Interrogatory No. 1 states: "Identify all Persons that you have employed or independently contracted in any capacity relating to the design, development, creation, implementation, marketing, advertising, distribution, teaching, and/or demonstrating of each of the Accused Instrumentalities, including each Person's dates of employment and relevant responsibilities with respect to each of the Accused Instrumentalities" (ECF 42-1 at 4). Defendant's supplemental response to Interrogatory No. 1 lists the names, dates of employment, and responsibilities of software engineers and application developers for the mobile application at issue in this case (ECF 42-1 at 3). Plaintiff argues that Defendant's response fails to identify management or team members involved with marketing, distribution, teaching, and/or demonstrating the mobile application (ECF 40 at 2). Defendant responds that the plain language of the interrogatory does not mention management personnel (ECF 45 at 2).

The court finds Defendant's reading of the interrogatory to be too narrow. Although the interrogatory does not explicitly mention management personnel, it asks that Defendant identify "all persons employed or independently contracted in *any capacity*," which includes in a managerial capacity. Although Defendant appears to identify persons involved in the "design, development, creation, [and] implementation" of the mobile application, the court agrees with Plaintiff that Defendant's response fails to identify persons involved in the "marketing, advertising, distribution, teaching, [and] demonstrating" of the mobile application. The court also agrees that this information would be relevant to inducement and damages. Accordingly, the court hereby GRANTS Plaintiff's motion to compel interrogatory responses as to

Interrogatory No. 1 (ECF 40) and ORDERS Defendant to supplement its response to Interrogatory No. 1 within twenty-one (21) days of the date of this order.

### 2. Interrogatory No. 4

Plaintiff's Interrogatory No. 4 states: "Identify with specificity each line of code in the Accused Instrumentalities that includes one or more instructions to render at least one character using a font file that is included in the Accused Instrumentalities" (ECF 42-1 at 6). Defendant's supplemental response to Interrogatory No. 4 includes production of native computer files containing lines of code for its mobile application (ECF 42-1 at 7). Plaintiff argues that Defendant's response is deficient because it fails to identify the location of infringing features in the source code (ECF 40 at 2). Plaintiff relies on authority from other district courts suggesting that the owner of the source code is in a better position to provide citations to source code. Defendant responds that producing the native files containing the specific lines of source code requested is sufficient (ECF 45 at 3). The court agrees. Absent controlling authority, the court declines to adopt a broader reading of Plaintiff's interrogatory. Moreover, Defendant has filed a motion for protective order relating to the source code in the native files it produced (ECF 52), and Plaintiff has filed a response brief with additional authority (ECF 44). The court will address this motion in a separate order. Accordingly, the court hereby DENIES Plaintiff's motion to compel interrogatory responses as to Interrogatory No. 4 (ECF 40).

### 3. Interrogatory No. 5

Plaintiff's Interrogatory No. 5 states: "Identify with specificity each character or each text item that may be rendered using a font file included in one or more Accused Instrumentalities when that Accused Instrumentality is used (ECF 42-1 at 7). Defendant's supplemental response to Interrogatory No. 5 identifies the specific font used in its mobile application and the characters

and text items that may be rendered using that font (ECF 42-1 at 8).  Plaintiff argues that this is nonresponsive because Plaintiff was seeking information to distinguish which words, phrases, and characters are rendered using fonts in the mobile application versus standard fonts (ECF 40 at 2).  Defendant argues that it provided an adequate response and that Plaintiff's argument requests information beyond the scope of the interrogatory (ECF 45 at 3).  The court agrees.  The court finds that Defendant has fairly responded to the plain language of the interrogatory as it is currently written.  The parties' disagreement appears to stem from Plaintiff's failure to precisely state the information it is seeking.  Both parties are encouraged to propound discovery requests with sufficient specificity to allow the opposing party to understand the precise information sought.  Accordingly, the court hereby DENIES Plaintiff's motion to compel interrogatory responses as to Interrogatory No. 5 (ECF 40).

### 4.     Interrogatory No. 9

Plaintiff's Interrogatory No. 9 states: "State on a monthly basis, from February 2018 to the present, the amount of revenue generated for you in connection with use by customers of the Accused Instrumentalities" (ECF 42-1 at 10).  Defendant's supplemental response to Interrogatory No. 9 provides revenue generated by actual use of its mobile application (ECF 42-1 at 11).  Plaintiff argues that Defendant's response fails to provide revenues from booking flights, purchasing seat upgrades, and other revenue generated in connection with use of the mobile application (ECF 40 at 3).  Defendant argues that it provided a response consistent with its understanding of the interrogatory and that its financial reports are publicly available, but it is currently investigating whether other revenues are attributable to use of the mobile application (ECF 45 at 4).  Once again, it appears that the interrogatory does not precisely state the information that Plaintiff is seeking.  The court finds that Defendant has fairly responded to the

plain language of this interrogatory with information reasonably available, but reminds Defendant of its duty to timely supplement its response should additional information become available. Accordingly, the court hereby DENIES Plaintiff's motion to compel interrogatory responses as to Interrogatory No. 9 (ECF 40).

### 5. Sanctions are not warranted.

Plaintiff requests an award of attorney's fees and costs incurred in bringing the motion to compel interrogatory responses (ECF 40 at 3). Defendant requests an award of attorney's fees and costs in responding to this motion (ECF 45 at 3). Rule 37(a)(5)(C) governs any award of reasonable expenses relating to discovery motions. The court has denied the majority of the requested relief in the motion to compel interrogatory responses. While Rule 37 allows the court to apportion an award of reasonable expenses, the court declines to do so in light of the parties' mutual good faith efforts to resolve this discovery dispute. Accordingly, both requests for sanctions in the form of an award of attorney's fees are DENIED.

## II. CONCLUSION

In summary, IT IS HEREBY ORDERED that

(1) Plaintiff's motion to compel initial disclosures (ECF 39) is GRANTED and Defendant must supplement its initial disclosures within fourteen (14) days of the date of this order;

(2) Plaintiff's motion to compel interrogatory responses (ECF 40) is GRANTED IN PART and DENIED IN PART and Defendant must supplement its response to Interrogatory No. 1 within twenty-one (21) days of the date of this order; and

(3) The parties' requests for sanctions are DENIED.

IT IS SO ORDERED.

DATED this 8 June 2020.

*/s/ Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah